I fully concur with the disposition of the second assignment of error and the determination of the majority that this was not a contract of adhesion. I would also agree that the allegation of negligent performance in paragraph 4, Count One of the complaint seems sufficiently related to the specific terms of the contract to invoke the arbitration clause. As a practical matter, it may be that the case should first proceed to arbitration on this issue and on this basis alone we have overruled the first assignment of error. However, I write separately to emphasize that the remaining allegations in this action do not necessarily constitute claims arising out of or relating to this contract, or the breachthereof and therefore should not be subject to mandatory arbitration under paragraph 7 of the contract.
The majority of the allegations in the Complaint pertain to fraudulent misrepresentation in the inducement. Paragraph 5 of Count One of the Complaint alleges that "Defendant committed an unfair or deceptive act or practice in that Defendant represented that the subject of the transaction had performance characteristics and benefits that it did not have, and that replacement or repair was needed, when it was not, in violation of section 1345.02(A) of the Ohio Revised Code." Paragraph 6, subsections (1), (3) and (5) contains substantially similar allegations. Count Two of the Complaint contains an entirely separate allegation of fraud as to the "necessity, reasonable cost, and scope of work reasonably required to correct the collection of water upon Plaintiff's premises * * *."
These allegations do not arise from, relate to, or concern breach of the terms of the contract that Plaintiffs were eventually persuaded to enter, but instead pertain to whether any of the statements made by Defendants in the course of that persuasion fraudulently induced the Plaintiffs to enter into a business relationship with Defendants that was entirely unnecessary and unrelated to Plaintiffs' water problem. Assuming these allegations can be proven, an unscrupulous home-repair contractor should not be permitted to avoid a jury trial or the consequences of their own misconduct under Ohio's Consumer Sales Practices Act by invoking an arbitration clause (or any other term) of a contract which the homeowner was fraudulently induced to sign. In my opinion, permitting this to take place would constitute, inter alia, an unconscionable enforcement of the arbitration clause entitling the Plaintiff to equitable relief.